# 96 DTA 65

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE SAN JUAN**

EL PUEBLO DE PUERTO RICO
Recurrido

v.

JAIME MUSIGNAC HERNANDEZ
Peticionario

Núm. KLCE-96-00054

San Juan, Puerto Rico, a 25 de abril de 1996

Panel integrado por su presidente, Juez Rossy García
y los Jueces Aponte Jiménez y Negroni Cintrón

Rossy García, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

El recurso instado en el caso de epígrafe interesa la revocación de una resolución emitida por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de San Juan. Mediante ésta dicho foro declaró *"No Ha Lugar"* una moción de desestimación promovida por el aquí peticionario, fundamentada en que el Estado dejó transcurrir cinco (5) años ocho (8) meses en diligenciar la orden de arresto que fue expedida a base del delito imputado, demora injustificada que alegadamente lo colocó en estado de indefensión, infringiendo a su vez su derecho a un debido proceso de ley y a un juicio rápido.

Considerado como fue el recurso a la luz de los fundamentos de revocación invocados y el derecho aplicable, el 9 de febrero de 1996 emitimos Resolución concediendo al Ministerio Público un término de quince (15) días para mostrar causa por la cual no deberíamos expedir el auto solicitado para emitir sentencia revocatoria de la resolución recurrida.

Encontrándonos en condición de dictaminar luego de contar con la comparecencia del Procurador

General, en la que se aducen argumentos que no nos persuaden, procedemos a resolver según intimado. Para ubicar el aspecto de derecho a que se contrae el recurso que nos ocupa en correcta perspectiva, iniciamos con una exposición del trámite procesal que culminó con la resolución recurrida.

## I

El 11 de diciembre de 1989 la Sra. Hilda Belén Santiago suscribió y juró una denuncia contra el peticionario, Jaime Musignac Hernández por violación al Artículo 158 del Código Penal, 33 L.P.R.A. sec. 424 ▇ (incumplimiento de la obligación alimenticia). Se le imputó haber dejado de cumplir con la obligación de proveerle alimentos a su hijo menor de edad, Joshua Musignac Belén. Ese día, en ausencia, se determinó causa probable contra el peticionario y se expidió citación requiriendo su comparecencia a la Sala de Investigaciones del Centro Judicial de San Juan *"dentro de las próximas 48 horas luego de recibida [la] citación"*. Surge del certificado de diligenciamiento de la citación que el peticionario no fue notificado personalmente, siendo esta diligenciada en la Compañía Glidden, lugar de trabajo del peticionario, por conducto del Sr. Víctor Saldaña, también empleado de Glidden. Posteriormente, el 18 de febrero de 1990, se expidió orden de arresto contra el peticionario para responder por el delito indicado, a quien se le fijó una fianza de $200.00 para su libertad provisional.

Con el trasfondo antes expuesto y sin constar en autos gestión o diligencia alguna para arrestar al peticionario, se diligenció la orden de arresto antes referida el 19 de octubre de 1995, es decir, cinco (5) años ocho (8) meses luego de su expedición. ▇ Surge del certificado de diligenciamiento que la misma fue recibida por el Agente Felipe Rivera Feliciano, placa 12857, el día 18 de octubre de 1995, quien procedió a arrestar al peticionario al siguiente día. Luego de su arresto el peticionario fue conducido ante la presencia de un magistrado, donde prestó la fianza que le había sido impuesta.

Habiendo prestado fianza y encontrándose en libertad provisional, el peticionario compareció personalmente y sin abogado a la vista en su fondo, la que había sido señalada para el 1ro. de diciembre de 1995. En dicha ocasión el tribunal de instancia emitió resolución imponiéndole una pensión alimenticia de $150.00 mensuales para beneficio del menor Joshua Musignac Belén, con efectividad a dicha fecha, y transfirió la vista en su fondo de la denuncia por el delito imputado para el 19 de diciembre de 1995. ▇

En ocasión del nuevo señalamiento compareció el peticionario acompañado de su representación profesional, quien procedió a solicitar la desestimación de la denuncia.

A tales efectos invocó como fundamento desestimatorio que medió una demora irrazonable en el diligenciamiento de la orden de arresto, lo que había colocado al peticionario en estado de indefensión, infringiéndole así su derecho a un debido proceso de ley y a un juicio rápido.

Surge de los autos, y así lo admite el Ministerio Público en su escrito en cumplimiento de orden que, frente a la solicitud de desestimación del peticionario y sin aportar el Ministerio Público prueba alguna sobre las gestiones realizadas para diligenciar la orden de arresto expedida contra éste, el tribunal de instancia declaró sin lugar la moción de desestimación. ▇ Procedió, además, a ordenar un nuevo señalamiento de vista en su fondo, ahora para el 23 de enero de 1996. ▇

Es a la luz de este trasfondo procesal e inconforme el peticionario con dicho dictamen que interpuso en tiempo oportuno el recurso que nos ocupa imputando, en síntesis, que incidió el tribunal de instancia al denegar la desestimación por él solicitada. Debemos, pues, determinar si en tales circunstancias, donde medió una dilación no justificada por el Estado de cinco (5) años ocho (8) meses en el diligenciamiento de la orden de arresto expedida contra el peticionario, incidió el foro de instancia al negarse a desestimar la denuncia por el delito menos grave que dio base a la expedición de dicha orden de arresto.

## II

Como bien se ha expresado, el debido proceso de ley en el ámbito procesal es la garantía fundamental que tiene un ciudadano ante una investigación y procesamiento criminal.

Implica que un ciudadano: sólo puede ser investigado y procesado mediante un procedimiento

justo. Ernesto Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Vol. II, pág. 25, Ed. Forum (1992). Así lo establece expresamente el Artículo II, sec. 7 de nuestra Constitución al disponer, en lo pertinente, que *"ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley"*. Tampoco debe existir duda alguna en cuanto a que el derecho a un juicio rapido y el debido procedimiento de ley, requieren un término razonable entre la emisión de una orden de arresto y su diligenciamiento. La razonabilidad del término dependerá de la totalidad de las circunstancias. Así, se ha reconocido que una dilación irrazonable entre la juramentación de una denuncia y el arresto de un acusado puede constituir una violación al debido proceso de ley. *United States v. Marion*, 404 U.S. 307-320 (1971). También se ha resuelto por nuestro Tribunal Supremo que *"a menos que existan circunstancias excepcionales que lo impidan, la falta de diligenciamiento [de una] orden de arresto dentro de un período razonable puede anular los efectos de la interrupción del período prescriptivo"*. *Pueblo v. Tribunal Superior*, 84 D.P.R. 24, 28 (1961).

Fue para conjurar los efectos de tales dilaciones injustificadas y a los fines de armonizar los intereses protegidos mediante el derecho a juicio rápido, y la protección que ofrecen el debido proceso de ley junto con el derecho estatutario sobre prescripción de la acción penal, nuestro Tribunal Supremo reconoció expresamente que *"el debido proceso de ley requiere que todo imputado sea arrestado dentro de un término razonable a partir del momento en que fue denunciado y se ordenó su arresto"*. *Pueblo v. Héctor Guardiola Dávila*, ___ D.P.R. ___ (1992), **92 J.T.S. 65,** a la pág. 9531. Al así resolver expresó, en lo pertinente, como sigue:

*"En ausencia de legislación o reglamentación expresa, el remedio judicial no puede confeccionarse mediante una regla o término fijo; es menester reconocer la necesidad de un período flexible sujeto al criterio de razonabilidad que es la medida para, a la postre, regular toda conducta humana. Bajo esta óptica, el concepto de razonable se nutrirá circunstancialmente, entre otros, de los siguientes factores: gestiones oficiales tendentes a arrestar al imputado; si éste conoce de la orden de arresto en su contra; si ha huido o se ha ocultado; su disponibilidad a los fines de haberse podido realizar el diligenciamiento efectivo; si se conoce o debió conocerse su dirección o paradero; si se ha mudado de dirección; si ha salido de la jurisdicción; su movilidad en Puerto Rico; y otros.*

*En sana lógica, seguramente habremos sobrepasado el límite de lo razonable si desde que se emitió la orden de arresto ha transcurrido un período mayor al establecido por el Estado para la prescripción de la acción penal. Expirado ese término sin haberse diligenciado la orden de arresto, salvo circunstancias extraordinarias demostradas por el Ministerio Fiscal, se cancela o extingue el efecto interruptor o suspensivo de la prescripción de la acción penal y procede el archivo de la causa."*

### III

Al considerar ahora las circunstancias particulares del caso que nos ocupa, a la luz de los principios de derecho antes reseñados, evidente resulta que tratándose de un delito menos grave, el término prescriptivo para instar la acción penal es el de un año dispuesto en el Artículo 78 del Código Penal, según enmendado, 33 L.P.R.A. sec. 3412. Siendo ello así y habiéndose diligenciado la orden de arresto en el caso que nos ocupa cinco (5) años ocho (8) meses luego de su expedición, en circunstancias donde ninguna prueba se aportó sobre circunstancias extraordinarias justificativas de tal dilación, efecto obligado de ello es la extinción del efecto interruptor que tuvo la iniciación de la acción penal. En consecuencia, en ausencia de justificación legítima para tal dilación que resulta a todas luces irrazonable e impermisible, incidió el tribunal de instancia al denegar la solicitud de desestimación promovida por el aquí peticionario para ordenar así la continuación del trámite procesal. Resulta procedente en consecuencia expedir el auto solicitado para revocar la resolución recurrida.

Debemos aquí señalar que lo ahora dictaminado no tiene el alcance de dejar sin efecto la resolución emitida por el tribunal de instancia ordenando el pago de alimentos y fijando una pensión alimenticia para beneficio del menor, ello en ausencia de controversia en cuanto al vínculo filial entre el peticionario y el menor alimentista. Artículo 158 del Código Penal, 33 L.P.R.A. sec. 4241. Retendrá así jurisdicción el foro de instancia para exigir y supervisar el cumplimiento de la obligación alimenticia impuesta. Basta aquí con señalar que dicho Artículo 158, *supra*, al tipificar el delito de incumplimiento de la obligación de un padre de alimentar a sus hijos menores de edad, dispone,

además, un procedimiento sumario con el propósito de que los menores puedan reclamar su derecho como alimentista frente a su padre alimentante. Así, en su naturaleza, el Artículo 158 es mixto, civil y criminal. Sarah Torres Peralta, *Ley Especial de Sustento de Menores y el Derecho de Alimentos en Puerto Rico,* Revista del Colegio de Abogados de Puerto Rico, Vol. 49, Núms. 3-4, págs. 22 a 25.

## IV

Lo acuerda el Tribunal y lo certifica la Secretaria General.

Sonia Pacheco Román
Secretaria General

### ESCOLIOS 96 DTA 65

**1.** Véase citación. Apéndice de la Petición, pág. 3.

**2.** Se desprende de la orden de arresto que en la misma se indican dos direcciones del peticionario. La primera de ellas, Calle Acuario Núm. G55 Urb. Venus Gardens, Cupey, Río Piedras, Puerto Rico, informada presumiblemente a la fecha en que se expidió la orden de arresto. A continuación, y en una letra de tamaño diferente, lo que indica que fue adicionada posteriormente, se informa como dirección del peticionario la siguiente: Urb. Los Paseos. Paseo del Parque. Calle Parque Oriente Núm. 60, Río Piedras. (Véase Orden de Arresto, Apéndice de la Petición, pág. 4).

**3.** Véase Resolución de 1ro. de diciembre de 1995, Apéndice de la Petición, pág. 6.

**4.** En cuanto a este extremo expone el Ministerio Público en su escrito en cumplimiento de orden que, ante la solicitud de desestimación formulada por el peticionario, *"el tribunal a quo interrogó al imputado quien ofreció varias direcciones",* luego de lo cual y sin recibir otra prueba, *"el foro de origen concluyó que la dilación fue por las propias actuaciones del imputado...[y] declaró sin lugar la moción para desestimar".* (Véase Escrito en Cumplimiento de Orden, págs. 2 y 3).

**5.** Véase Notas del Juez correspondiente a la vista efectuada el 19 de diciembre de 1995. Apéndice de la Petición, pág. 1.

**6.** Véase, además, 8A Moore Federal Practice, 2d ed., sec. 48 0312), 48-27.

**7.** El Artículo 77 del Código Penal, 33 L.P R.A. Sec. 1411. dispone como sigue:

"Artículo 77, Extinción de la Acción Penal.

La Acción Penal se extingue por:

*"(a) Muerte del imputado*

*(b) Indulto*

*(c) El matrimonio entre el Seductor y la Seducida*

*(d) Prescripción."*