EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE BAYAMÓN, HON. FERNANDO GALLARDO, JUEZ, demandado.

*Número:* 2510. *Resuelto:* 24 de noviembre de 1961.

*Hiram R. Cancio, Secretario de Justicia, Francisco Espinosa Hijo, Secretario de Justicia Interino, Arturo Estrella, Secretario Auxiliar de Justicia, Carlota Capó, Procuradora Auxi-*

*liar* y *William Fred Santiago, Procurador Auxiliar,* abogados del peticionario.

Sala integrada por el Juez Presidente, señor Negrón Fernández, y los Jueces Asociados señores Blanco Lugo y Dávila.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

En 23 de octubre de 1958 se expidió una orden de arresto contra Vicente Santiago para "que responda del cargo que se le hace de que el 30 de octubre de 1957 le vendió material de bolipul al agente Luis Méndez Romero. . ." Dicha orden fue diligenciada tres días después. Prestó en 28 de octubre la fianza que por la suma de $1,000 se le exigió para permanecer en libertad.

En 15 de diciembre siguiente el Fiscal de Distrito de Bayamón formuló la acusación correspondiente imputando a dicho Vicente Santiago una infracción a la sección 4 de la Ley Núm. 220 de 15 de mayo de 1948 (33 L.P.R.A. sec. 1250). El acusado solicitó el archivo y sobreseimiento de la causa por haber transcurrido más de un año entre la fecha de la ocurrencia de los hechos delictivos y la presentación de la acusación. A petición del Procurador General, expedimos auto de certiorari para revisar la resolución del Tribunal Superior, Sala de Bayamón, que declaró con lugar esta solicitud.

Prescribe el artículo 79 del Código Penal, ed. 1937, 33 L.P.R.A. sec. 233, que la acción penal por cualquier delito menos grave deberá establecerse dentro del año de su comisión. Aun cuando no se trataba de la disposición de una defensa de prescripción, dijimos en *El Pueblo* v. *Rivera et al.,* 9 D.P.R. 403 (1905) que el arresto del acusado o el primer paso dado por el fiscal—cualquiera que sea—a fin de traer el delincuente ante la justicia para responder por los actos que se le imputan, constituye el principio del proceso en toda causa criminal. Veintitrés años después, al considerar específicamente el planteamiento para resolver sobre una excepción previa de prescripción, y luego de estudiar

la diferencia entre nuestra disposición y la de California que expresamente alude a la presentación de la acusación o información, indicamos en *Pueblo* v. *Capestany*, 37 D.P.R. 586 (1928), que el momento que debe tomarse en cuenta para computar la prescripción es la fecha del arresto del acusado,[1] y en su defecto, desde aquella en que se presenta la acusación, por ser éste entonces "el primer paso" afirmativo en la persecución del delito. *Pueblo* v. *Báez*, 40 D.P.R. 15, 18 (1929). Y en *Pueblo* v. *Lugo*, 58 D.P.R. 183 (1941) aclaramos que este término no se interrumpe por el o los arrestos practicados a los fines de otra u otras acusaciones por el mismo delito que fueron sobreseídas por no haberse celebrado el juicio dentro del término fijado por la ley. Cf. *Pueblo* v. *Tesorero*, 60 D.P.R. 530, 532 (1942); *Rivera Escuté* v. *Delgado*, 80 D.P.R. 830, 850 (1958), en donde indicamos que a los fines del derecho "incondicional y absoluto" a asistencia legal el proceso criminal comienza con la radicación de la acusación.

Hemos reexaminado la cuestión aquí envuelta y no vemos razón alguna para variar el criterio enunciado hace más de medio siglo. El propósito fundamental de la disposición fijando un término de prescripción es informar al acusado con suficiente anticipación de la intención de procesársele y de la naturaleza del delito que se le imputa, de forma que no se menoscabe su oportunidad de defenderse antes de que la evidencia disponible para establecer su inocencia desaparezca o se oblitere con motivo del transcurso del tiempo. Actualmente, tanto la radicación de una acusación o denuncia como la expedición de una orden de arresto luego de la determinación de causa probable cumplen con este propósito

---

[1] El sumario que precede al caso de *Capestany* no expresa adecuadamente el criterio expuesto en la opinión ya que indica que el término prescriptivo *"empieza* a contarse desde la fecha en que se decreta el arresto". Dicho término comienza a contarse desde la comisión del delito, y en el caso de los delitos continuos, desde la fecha en que cese su comisión. *Pueblo* v. *Rodríguez*, 59 D.P.R. 602 (1941).

de delimitar la naturaleza de la ofensa e identificar cumplidamente al acusado. Añadimos de paso que cuando la interrupción del período prescriptivo se obtiene mediante la expedición de una orden de arresto, ésta debe cumplimentarse con diligencia y que a menos que existan circunstancias excepcionales que lo impidan, la falta de diligenciamiento dentro de un período razonable puede anular los efectos de la interrupción.

La norma imperante localmente ha recibido la sanción del Instituto Americano de Derecho en su redacción del Código Penal Modelo. Véase, la sección 1.07 (5) y 6. En las jurisdicciones en donde se dispone un término a computarse considerando el inicio del proceso criminal se ha adoptado idéntica interpretación a la nuestra. *Thacker* v. *Marshall*, 331 P.2d 488 (Okla. 1958); *State* v. *Cashman*, 255 P.2d 660 (Kan. 1953); *State* v. *Schonenberger*, 250 P.2d 777 (Kan. 1952); *Ex parte Washington*, 223 P.2d 552 (Okla. 1950); *Commonwealth* v. *Teeter*, 60 A.2d 416 (Pa. 1948); *City of Cleveland* v. *Strom*, 67 N.E.2d 353 (Ohio 1946); *McGuire* v. *State*, 292 S.W.2d 190 (Tenn. 1956); *Barrera* v. *State*, 289 S.W.2d. 285 (Texas 1956); *People* v. *Still*, 169 N.Y.S.2d 967 (1958); véanse además los casos citados en la anotación que aparece en 90 A.L.R. 452 (1934).

Es conveniente agregar que en el presente recurso no se plantea cuestión alguna relacionada con el derecho del acusado a juicio rápido y a los términos de 60 y 120 días que para la presentación de la acusación y la celebración del juicio establece el artículo 448 del Código de Enjuiciamiento Criminal, ed. 1935, 34 L.P.R.A. sec. 1631. Véanse, *Pueblo* v. *Tribunal Superior*, 81 D.P.R. 455 (1959); *Martínez* v. *Tribunal Superior*, 81 D.P.R. 945 (1960); y especialmente, *Pueblo* v. *Seda*, 82 D.P.R. 719, 726 (1961), en donde ratificamos que el término de 60 días para la presentación de la acusación en corte comienza a contarse no desde la fecha de la ocurrencia del delito, y sí desde la del arresto o deten-

ción de una persona para responder de un delito público, y aclaramos que esta situación no la varía la disposición de la Ley de la Bolita al efecto de que el infractor debe ser arrestado inmediatamente y trasladado el caso al fiscal para la acción correspondiente.

Apareciendo que a la fecha de la expedición por el juez superior de la orden de arresto contra el acusado no había transcurrido un año desde la fecha de la comisión del delito, erró el tribunal de instancia al decretar el archivo de la causa por haber ésta prescrito. *Se revocará la resolución dictada por el Tribunal Superior, Sala de Bayamón, en 9 de marzo de 1959, y se devolverán los autos para ulteriores procedimientos.*