**CC-2001-798** 1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>    Peticionario<br><br>              v.<br><br>Maxon Engineering Services, Inc.<br><br>    Recurrida | Certiorari<br><br>2003 TSPR 39<br><br>158 DPR _____ |

Número del Caso: CC-2001-798


Fecha: 17 de marzo de 2003


Tribunal de Circuito de Apelaciones:
                    Circuito Regional I

Juez Ponente:
                    Hon. German J. Brau Ramírez


Oficina del Procurador General:
                    Hon. Roberto J. Sánchez Ramos
                    Procurador General


Abogada de la Parte Recurrida:
                    Lcda. Jossie Yunque López


Materia: Art. 8.012 Ley Electoral de Puerto Rico




Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

**El Pueblo de Puerto Rico**

    **Peticionario**

        **vs.**             **CC-2001-798**    **CERTIORARI**

**Maxon Engineering Services, Inc.**

    **Recurrida**

SENTENCIA

**San Juan, Puerto Rico, a 17 de marzo de 2003**

     **Con anterioridad al 15 de agosto de 1999, cualquier persona jurídica que, directa o indirectamente, hiciera contribuciones en exceso de las cantidades permitidas por la Ley Electoral a un partido político, a un candidato de un partido político o a un candidato independiente, <u>cometía un delito grave</u>. Ello en virtud de las disposiciones del Artículo 8.012 de la referida Ley Electoral[1] --el cual <u>establecía</u> una multa de $5,000.00[2]-- y de las <u>entonces</u> disposiciones del Artículo 12 del Código Penal de Puerto Rico. En**

---

**[1] 16 L.P.R.A. sec. 3362.**
**[2] La Ley Núm. 113 del 6 de julio de 2000 enmendó esta disposición de ley para prohibir <u>todas</u> las contribuciones en dinero.**

este último se establecía, en lo pertinente, que se consideraría delito menos grave todo delito en que la multa a imponerse no excediera de $500.00.

El 15 de agosto de 1999 entró en vigor la Ley Núm. 252, la cual enmendó el antes citado Artículo 12 del Código Penal aumentando la suma de $500.00 a una de $5,000.00; esto es, desde esa fecha únicamente se considerará como delito grave aquél que provea para una multa en exceso de $5,000.00.

Esta acción legislativa tuvo el efecto, automático e inmediato, de convertir la convicción por infracción al Artículo 8.012 de la Ley Electoral en un delito menos grave ya que la Asamblea Legislativa, pudiendo hacerlo, no modificó de forma alguna las disposiciones de dicha disposición legal.

I

Entre los meses de febrero a mayo de 2001, el Estado radicó cinco (5) denuncias contra la aquí recurrida Maxon Engineering Services, Inc., por alegadamente haber violado las disposiciones del Artículo 8.012 de la Ley Electoral durante los años 1996, 1997, 1998, 1999 y 2000.

Maxon Engineering levantó --en virtud de las disposiciones del Artículo 78 del Código Penal de Puerto Rico,[3] el cual establece el término prescriptivo de un (1) año para los delitos menos

---

[3] 33 L.P.R.A. sec. 3412.

graves-- la defensa de prescripción en cuanto a las denuncias referentes a los años 1996, 1997, 1998 y 1999. El Estado --no obstante voluntariamente solicitar el desestimiento de la denuncia correspondiente al año 1999, por razón de entender que el delito para ese año había prescrito-- se opuso al planteamiento de la Corporación en cuanto a las denuncias correspondientes a los años 1996, 1997 y 1998. Argumentó que, respecto a dichos años, era aplicable el estado de derecho entonces vigente; esto es, que era aplicable el término de cinco (5) años de prescripción establecido con relación a los <u>delitos graves</u> ya que, para entonces, dichos delitos eran considerados como graves.

El Tribunal de Primera Instancia, Sala Superior de San Juan, desestimó las denuncias radicadas en los años 1996, 1997 y 1998, por estar prescritas las mismas. El Estado acudió ante el Tribunal de Circuito de Apelaciones, el cual <u>confirmó</u> la actuación del tribunal de instancia. Aún insatisfecho, el Estado acudió ante este Tribunal, imputándole al foro apelativo intermedio haber errado al interpretar el alcance del Artículo 4 del Código Penal, específicamente en lo relativo a la prescripción de la acción penal.

<u>Expedimos</u> el auto de certiorari radicado. Estando en posición de resolver el recurso radicado, procedemos a así hacerlo. <u>Confirmamos</u>.

## II

Como es sabido, la prescripción en el ámbito penal consiste en la extinción de la responsabilidad penal mediante el transcurso de un período de tiempo sin que el delito sea perseguido o sin que la pena sea ejecutada. Pueblo v. Martínez Rivera, 144 D.P.R. 631, 640 (1997). Esta defensa de prescripción puede ser levantada en cualquier momento. Pueblo v. Vallone, 133 D.P.R. 427, 430 (1993). El propósito fundamental que se persigue es informar al acusado, con suficiente antelación, de la intención de procesarle y de la naturaleza del delito que le puede ser imputado. Ello con el fin de evitar un menoscabo en su oportunidad de defenderse antes de que la evidencia disponible para establecer su inocencia desaparezca por el transcurso del tiempo. Pueblo v. Tribunal Superior, 84 D.P.R. 24, 27 (1961).

De ordinario, y como norma general, la ley aplicable será la vigente al momento de la comisión de los hechos. Ello no obstante, debe mantenerse presente que el Artículo 4 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 3004, establece que:

> "Las leyes penales no tienen efecto retroactivo, salvo en cuanto favorezcan a la persona imputada de delito.
>
> Si la ley vigente al tiempo de cometerse el delito fuere distinta de la que exista al imponerse la sentencia, se aplicará siempre la más benigna.
>
> Si durante la condena se aprobare una ley más benigna en cuanto a la pena o al

modo de ejecución, la misma se limitará a lo establecido por esa ley.

En los casos de la presente sección <u>los efectos de la nueva ley operarán de pleno derecho</u>. (Énfasis suplido.)

La controversia planteada es sencilla. Debemos resolver si, bajo los hechos y el derecho antes señalado, la recurrida Maxon Engineering puede, o no, invocar el período prescriptivo más corto --un (1) año-- aplicable a los delitos menos graves, en virtud de la enmienda sufrida por el Artículo 12 del Código Penal, mediante la Ley Núm. 252 del 15 de agosto de 1999. <u>Contestamos en la afirmativa</u>.

Conforme el mandato del antes transcrito Artículo 4 del Código Penal, cualquier acusado de delito público tiene derecho a recibir el beneficio provisto por una ley posterior, siempre que ello resulte más favorable que lo dispuesto en la ley vigente al momento de la supuesta comisión de los hechos. <u>Pueblo</u> v. <u>Caballero Rodríguez</u>, 109 D.P.R. 126, 129 (1979).

Esa, precisamente, es la situación a la que nos enfrentamos en el caso de autos. El delito que se le imputa haber cometido a Maxon Engineering, durante los años 1996, 1997 y 1998, originalmente era considerado como uno grave. La Ley Núm. 252, ante, cambió esa clasificación, convirtiéndolo en delito menos grave. Maxon Engineering tiene derecho al beneficio provisto por dicha legislación.

Por los fundamentos antes expresados, se dicta Sentencia <u>confirmatoria</u> de la emitida por el Tribunal de Circuito de Apelaciones en el presente caso.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Hernández Denton emitió Opinión disidente a la cual se unió el Juez Asociado señor Fuster Berlingeri. El Juez Presidente señor Andréu García no intervino.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

Peticionario

v.                    CC-2001-798        Certiorari

Maxon Engineering Services,
Inc.

Recurrida

Opinión Disidente emitida por el Juez Asociado señor Hernández Denton, a la cual se une el Juez Asociado señor Fuster Berlingeri

San Juan, Puerto Rico, a 17 de marzo de 2003.

Por medio de una Sentencia este Tribunal desestima tres denuncias[4] presentadas por infracciones al Art. 8.012 de la Ley Electoral[5]. Ello, debido a que las mismas estaban prescritas en virtud del principio de favorabilidad. La Sentencia concluye que al amparo de este principio, el acusado tiene derecho al beneficio provisto por la enmienda[6] sufrida en 1999 por el Art. 12 del Código Penal la cual tuvo el efecto de convertir el delito imputado en uno menos grave, por lo que el término

---

[4] Dichas denuncias se remontan a hechos ocurridos en los años, 1996, 1997 y 1998.
[5] 16 L.P.R.A. sec. 3362.
[6] Ley 252 del 15 de agosto de 1999, 33 L.P.R.A. 3044.

prescriptivo para instar dichas denuncias era de un (1) año.[7] Por entender que el principio de favorabilidad sólo opera en virtud de una nueva valoración de la conducta punible hecha por el legislador, la cual está ausente en el caso de marras, disentimos.

I

El Ministerio Público presentó cinco (5) denuncias entre febrero y mayo de 2001 contra la corporación Maxon Engineering Services, Inc. por infracción al Art. 8.012 de la Ley Electoral, *supra*, por hechos ocurridos para los años 1996, 1997, 1998, 1999 y 2000. En la vista preliminar, la corporación invocó la defensa de prescripción en cuanto a las denuncias correspondientes a los años 1996, 1997 y 1998. Argumentó, que según el principio de favorabilidad, la Ley Núm. 252 de 15 de agosto de 1999 tuvo el efecto de convertir el delito sobre contribuciones ilegales de corporaciones a partidos políticos en uno menos grave. Por lo tanto, alegó que a tenor con el Art. 78 del Código Penal, *supra*, ya había transcurrido el término de prescripción de un (1) año para presentar las denuncias sobre esos años.

El Tribunal de Primera Instancia acogió el planteamiento y desestimó, por prescripción, las denuncias correspondientes a los años 1996, 1997 y 1998. Quedó vigente la denuncia correspondiente al año 2000 y el

---

[7] Art. 78 del Código Penal, 33 L.P.R.A. sec. 3412.

Ministerio Público se allanó a la desestimación de la denuncia correspondiente al año 1999.

Inconforme, el Procurador General acudió al Tribunal de Circuito de Apelaciones. Dicho foro denegó el auto solicitado, y en consecuencia, confirmó la sentencia del Tribunal de Primera Instancia que desestimó tres (3) de las denuncias presentadas. De este dictamen acude ante nos el Procurador General, y señala que erró el foro apelativo en su interpretación sobre la aplicación del principio de favorabilidad sobre la zona de prescripción de la acción penal.

II

A

El Artículo 8.012 de la Ley Electoral, *supra*, disponía al momento de los hechos, que:

> [s]erá ilegal que cualquier persona jurídica, directa o indirectamente, haga contribuciones a un partido político o a un candidato de un partido político, o a un partido coligado o a un candidato independiente, para cualquier campaña de elección a favor de cualquier candidato, comité político u otra organización dedicada a promover, fomentar o abogar por su elección, en exceso de las cantidades dispuestas en esta ley. Toda persona que violare las disposiciones de este artículo será sancionada con una multa de **cinco mil (5,000) dólares.** (Énfasis suplido). 16 L.P.R.A. 3362.[5]

Sin embargo, dicho artículo no establecía si el delito era grave o menos grave por lo que era necesario referirse al Art. 12 del Código Penal, *supra,* para determinar la clasificación de delito. Cuando ocurrieron los hechos imputados, es decir, para los años 1996, 1997 y 1998, el

Artículo 12, *supra*, establecía que: "se considerará menos grave todo delito que apareja una pena de reclusión por un término que no exceda de seis (6) meses o multa que no exceda de quinientos ($500.00) dólares, o ambas penas a discreción del Tribunal, considerándose graves todos los demás delitos". Por lo tanto, para la fecha en que se cometieron los hechos, se entendía que el delito bajo el Art. 8.012 era grave ya que su multa excedía de los quinientos dólares ($500). En consecuencia, el término para presentar la denuncia contra cualquier persona jurídica que infringiera dicha disposición era de cinco (5) años según el Artículo 78 de nuestro Código Penal, *supra*.[8]

El 15 de agosto de 1999, la Ley Núm. 252 enmendó el Artículo 12 disponiendo que "se considerará delito menos grave todo aquel que apareja una pena de reclusión por un término que no exceda de seis (6) meses, pena de multa que no exceda de **cinco mil ($5,000) dólares**, o ambas penas a discreción del Tribunal" y que "delito grave comprende todos los demás delitos". (Énfasis suplido). Como la multa de $5,000 establecida en el Artículo 8.012 coincidió con el aumento en el monto de los delitos menos grave, a partir de dicha fecha, la clasificación del delito sobre contribuciones ilegales a partidos políticos se redujo, de manera indirecta, de grave a menos grave. En resumen,

_____

[8] El artículo 78 del Código Penal, *supra*, en su parte pertinente dispone que la acción penal prescribirá: (a) a los cinco (5) años en los delitos graves y (b) al (1) año en los delitos menos graves.

antes de la enmienda del Art. 12 en 1999, el delito tipificado en el Art. 8.012 de la Ley Electoral era clasificado como un delito grave. Como consecuencia de la enmienda, el mismo delito pasó a ser un delito menos grave.

Esto presenta la interrogante de si procede aplicarle el término prescriptivo de un año, correspondiente a los delitos menos grave, a aquellos actos cometidos antes de la enmienda y, consecuentemente, desestimar los cargos imputados para los años 1996, 1997 y 1998. La Sentencia emitida por esta Curia concluye que procede aplicarle el término prescriptivo de un año, en virtud del principio de favorabilidad consagrado en el Art. 4 del Código Penal, 33 L.P.R.A. sec. 3004. Contrario a dicha conclusión, entendemos que el principio de favorabilidad no aplica a la situación de autos.

B

Como norma general, la ley aplicable será la que estaba vigente al momento de cometerse el delito. Sin embargo, el Artículo 4 del Código Penal de Puerto Rico, *supra,* dispone que cuando la ley vigente al momento de cometerse el delito sea distinta de la que existe al imponerse la sentencia, se aplicará siempre la más benigna. Específicamente, dicho artículo establece:

> Las leyes penales no tienen efecto retroactivo, salvo en cuanto favorezcan a la persona imputada de delito.

> Si la ley vigente al tiempo de cometerse el delito fuere distinta de la que exista al imponerse la sentencia, se aplicará siempre la más benigna.

> Si durante la condena se aprobare una ley más benigna en cuanto a la pena o al modo de ejecución, la misma se limitará a lo establecido por esa ley.
>
> En los casos de la presente sección los efectos de la nueva ley operarán de pleno derecho.

En este artículo, la Legislatura consagró el principio de favorabilidad que impera en nuestra jurisdicción. Es preciso señalar que la doctrina establece que el principio de favorabilidad opera cuando el legislador hace una **nueva valoración de la conducta punible**, en el sentido de excluir o disminuir la necesidad de su represión penal. Véase, Antonio Bascuñan Rodríguez, La Aplicación de la Ley Penal Más Favorable, 69 REV. JUR. U.P.R. 29, 47 (2000); Claus Roxin, Derecho Penal, Parte General, Tomo I Civitas, en la pag, 167 (1997); Luis Jiménez de Asúa, Tratado de Derecho Penal, Tomo II, en la pág. 543 (1950); Sebastián Soler, Derecho Penal, en la pág. 205 (1956), Dora Nevares, Derecho Penal, Parte General en la pág. 92 (2000). A estos efectos, el Profesor Bascuñan Rodríguez explica:

> El principio de la favorabilidad no consiste en el deber de realizar un cálculo estimativo de las penalidades alternativas conforme a las leyes que han existido y aplicar sin más –"ciegamente"– aquella que arroje el resultado menos gravoso. Por el contrario, la formulación material del principio de favorabilidad **exige entender el concepto de ley más favorable en el sentido de la ley que expresa una valoración distinta del hecho.** La declaración del menor merecimiento o necesidad de pena expresada en la nueva ley **tiene que alcanzar también, como nueva valoración, a los hechos cometidos bajo el imperio de la ley**

> **anterior.** (Énfasis suplido). Bascuñan,
> *supra*.

Con el principio de favorabilidad lo que se persigue es que si el Estado enmienda o deroga la ley penal cuya violación se le imputa a una persona, ésta pueda beneficiarse del nuevo juicio legislativo sobre la punibilidad de la conducta. Por ejemplo, si se aprueba una ley que deroga la prohibición de la lotería clandestina o la "bolita", aunque el nuevo estatuto nada diga sobre su aplicación retroactiva, es razonable no procesar los casos pendientes ni iniciar nuevas acciones penales por conducta que el legislador estima que ya no debe ser penalizada. Igual podría decirse en relación con una nueva ley que rebaja la pena del delito, o lo cualifica por primera vez para probatoria, etc. En este aspecto añade Bascuñan que:

> Sólo la **constatación de un cambio de valoración** puede producir la pérdida de la significación del conflicto que existió entre el hecho punible y la ley penal al momento de su comisión, y sólo esa **pérdida de significación** hace de la mantenencia del antiguo tratamiento un exceso desproporcionado en la reacción estatal y por lo mismo inadmisible en un Estado de Derecho. (Énfasis suplido). Bascuñan, *supra*.

Por su parte, Claus Roxin, *supra*, entiende de igual manera y señala que:

> Si en el momento de la condena el legislador considera que **una conducta es menos merecedora** de pena o incluso que no lo es en absoluto, desde el punto de vista políticocriminal no tendría el menor sentido castigar pese a ello conforme a la concepción vigente en el momento del hecho, que entretanto ha quedado superada.

En síntesis, el principio de favorabilidad responde a una valoración distinta de una conducta punible. Éste es su fundamento y ésta es la razón para su aplicación. A diferencia de la aplicación que se hizo de este precepto en la Sentencia, estimamos que el principio de favorabilidad no debe aplicarse de forma automática, sin antes considerar el fundamento que yace detrás de este principio.

C

Habiendo aclarado esto, procede examinar en más detalle el alcance de la Ley Núm. 252. La exposición de motivos en su parte pertinente indica que:

> [D]esde la creación del Código Penal en el 1974, el artículo 12 del mismo, el cual establece las clasificaciones del delito, no ha sufrido cambio alguno. Es por esa razón que el límite de quinientos (500) dólares como máximo para la clasificación de delito menos grave resulta igualmente desproporcional con la realidad del Puerto Rico de hoy.

Evidentemente la Ley Núm. 252 enmendó el artículo 12 del Código Penal por razones de inflación para subir de $500 hasta $5,000 el tope de la multa para un delito menos grave. No cabe duda que dicha ley respondió más bien a un ajuste general del Código Penal a la realidad económica actual del país, y nada dispuso el legislador sobre la conducta punible en controversia. No existe, pues, juicio valorativo alguno sobre la conducta tipificada en el Artículo 8.012 sobre contribuciones ilegales. Si el propósito del principio de favorabilidad es que el acusado se beneficie de la nueva valoración del legislador de la

conducta delictiva, ¿cómo podemos aplicarlo a la situación de autos cuando ese cambio en valoración es inexistente?

Por último, corresponde señalar que la figura de la prescripción de la acción penal consiste en la extinción de la responsabilidad penal mediante el transcurso de un período de tiempo, en determinadas condiciones, sin que el delito sea perseguido o sin ser la pena ejecutada. Así, la prescripción penal se ha descrito como el término de tiempo que tiene el Estado para iniciar la acción penal, pasado el cual estará impedido de iniciarla. Véase, Pueblo v. Martínez Rivera, 144 D.P.R. 631 (1997).

Ya en nuestra jurisdicción, en Pueblo v. Vallone, 133 D.P.R. 427 (1993), se estableció que la prescripción en el Derecho Penal no responde a precepto alguno de orden constitucional sino a un acto de gracia legislativa cuyo origen es puramente estatutario. Además, el propósito para fijar un término de prescripción es informar al acusado con suficiente anticipación de la intención de procesarlo y de la naturaleza del delito que se le imputa. Martínez Rivera, *supra*. De esta forma no se le menoscaba su oportunidad de defenderse antes de que la evidencia disponible para establecer su inocencia desaparezca o se oblitere con motivo del transcurso del tiempo. Id.

### III

La situación en el caso de marras nos permite analizar el alcance del principio de favorabilidad en un caso en el cual en virtud de una enmienda al Artículo 12 del Código

Penal, cambió la clasificación de grave a menos grave de un delito y, por consiguiente, su término prescriptivo, pero en el cual no existió un cambio en el juicio valorativo del legislador en torno a la conducta tipificada.

Como bien apuntan los tratadistas antes reseñados, para que opere el principio de favorabilidad es necesario que el legislador promulgue una ley ulterior <u>a la luz de un nuevo juicio valorativo</u> sobre una conducta, para que luego, al momento de imponer la sentencia, se aplique la que sea más benigna. A pesar de que debe aplicarse, como regla general, la ley vigente bajo la cual ocurrieron los hechos, en virtud del principio de favorabilidad, se aplicará aquella ley posterior a la comisión de los hechos cuando la misma es reflejo de un nuevo juicio valorativo del legislador, que entiende que dicha conducta merece una pena menor.

Sin embargo, existen varios factores que distancian el principio de favorabilidad de la controversia específica de autos sobre la prescripción de las acciones penales pendientes.

En primer lugar, al enmendarse el Art. 12 del Código Penal, *supra,* con la Ley Núm. 252, nunca se efectuó una valoración sobre la conducta en cuestión, es decir, sobre las contribuciones ilegales bajo la Ley Electoral. Como puede notarse, el legislador hizo una revisión general de la clasificación de  grave y menos grave de los delitos en el Código Penal para ajustar las multas a la situación

económica actual. No reevaluó en ningún momento la importancia que tienen sobre la solvencia de nuestro ordenamiento democrático los delitos de contribuciones ilegales a partidos o candidatos políticos. El legislador tampoco examinó su prescripción y menos aún pretendió otorgarle impunidad a las conductas cometidas en violación a la Ley Electoral.

En segundo lugar, la revisión que hiciera la Ley Núm. 252 del Artículo 12 del Código Penal, *supra*, provoca la situación extraña en la cual no hubo tan siquiera una reducción de la pena aplicable del delito en cuestión —eje central del principio de favorabilidad—. Huelga destacar que antes y después de la vigencia de la Ley Núm. 252, la pena para contribuciones ilegales por parte de corporaciones continúa siendo exactamente la misma que establece el Artículo 8.012, una multa de $5,000. En otras palabras, en caso que recaiga eventualmente un fallo condenatorio, la pena a imponerse será precisamente la misma. A estos efectos, no hay pena que favorezca al imputado.

Visto el hecho que no medió en ningún momento un juicio legislativo sobre la conducta tipificada por la Ley Electoral la cual castiga las contribuciones ilegales a los partidos políticos y que nunca hubo tan siquiera una rebaja en la pena que favorezca al imputado, entendemos que el principio de favorabilidad no puede alcanzar factores que

el legislador no contempló para una situación como la de autos.

Toda vez que el principio de favorabilidad, no es aplicable a la situación de marras, el Ministerio Público tenía cinco (5) años para presentar las denuncias correspondientes por el delito imputado, el cual se consideraba grave durante los años 1996, 1997 y 1998. En efecto, en la presente controversia se inició la acción penal en el 2001 dentro del término prescriptivo aplicable de conformidad con la ley penal vigente al momento de la conducta imputada.

A la luz del análisis anterior, revocaríamos la Sentencia del Tribunal de Circuito de Apelaciones la cual confirmó la desestimación de las denuncias correspondientes a los años 1996, 1997 y 1998 contra Maxon Engineering Services, Inc. En vista que la Sentencia de este Tribunal resuelve lo contrario, disentimos.


                        Federico Hernández Denton
                              Juez Asociado