Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| EL PUEBLO DE PUERTO RICO  Recurrido  v.  JOSEPH OMAR AVILÉS RODRÍGUEZ  Peticionario | KLCE202401201 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla  Caso núm.: A LE2024G0160 (502)  Sobre: Infr. Art. 3.4 Ley 54 (3er Grado) |
|---|---|---|

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 13 de diciembre de 2024.

Comparece ante este Tribunal de Apelaciones, el Sr. Joseph O. Avilés Rodríguez (señor Avilés Rodríguez o el peticionario) mediante el recurso de *certiorari* de epígrafe solicitándonos que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI), el 8 de octubre de 2024, notificada ese mismo día. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* a la solicitud de desestimación al amparo de la Regla 64 (p) de las de Procedimiento Criminal, *infra*, instada por el peticionario.

Por los fundamentos que exponemos a continuación, se expide el recurso de *certiorari* y se confirma el dictamen recurrido.

### I.

Conforme surge del recurso, el 3 de marzo de 2024, el Ministerio Público presentó varias denuncias en contra del señor Avilés Rodríguez por violación a los Artículos 3.1, 3.3 y 3.4 de la Ley núm. 54 del 15 de agosto de 1989, según enmendada, conocida como

la *Ley para la Prevención e Intervención con la Violencia Doméstica,* 8 LPRA sec. 601 *et seq.* (Ley núm. 54).

Tras la celebración de la vista preliminar, el TPI determinó causa probable para juicio por los primeros dos cargos, y no causa por la infracción al Artículo 3.4 de la mencionada Ley.[1] Inconforme, el Ministerio Público solicitó una vista preliminar en alzada. La misma se celebró el 20 de junio de 2024. La prueba testifical del Ministerio Público consistió en la declaración de la alegada perjudicada, la Sra. Margarita Pérez Rodríguez (señora Pérez Rodríguez) y el testimonio de la Sra. Lina Serrano Rodríguez, hermana de esta. Escuchados los testimonios y sometido el caso, el foro primario encontró causa por violación al artículo en cuestión.

En desacuerdo, el 10 de septiembre de 2024, el peticionario presentó una *Moción Solicitando la Desestimación de la Acusación al Amparo de la Regla 64-P de Procedimiento Criminal y en virtud del Debido Proceso de Ley.*[2] En esencia, sostuvo que de la evidencia presentada por el Ministerio Público no existía prueba que estableciera la violación del Artículo 3.4 de la Ley núm. 54, *supra.* Precisó que la señora Pérez Rodríguez entró y permaneció de manera voluntaria en su vehículo; y que incluso, él intentó que ella saliera del mismo. Añadió que la señora Pérez Rodríguez contaba con espacio suficiente para salir por la parte de al frente del garaje, mas no lo hizo.

---

[1] El mencionado Artículo 3.4 dispone lo siguiente:
Toda persona que utilice violencia o intimidación en la persona de su cónyuge, ex cónyuge, de la persona con quien cohabita o haya cohabitado, o con quien sostiene o haya sostenido una relación consensual, o la persona con quien haya procreado un hijo o hija, independientemente del sexo, estado civil, orientación sexual, identidad de género o estatus migratorio de cualquiera de las personas involucradas en la relación, o que utilice pretexto de que padece o de que una de las personas antes mencionadas padece de enfermedad o defecto mental, para restringir su libertad con el conocimiento de la víctima, incurrirá en delito grave de tercer grado en su mitad inferior. 8 LPRA sec. 864.

[2] Véase, Anejo 4 del Apéndice del Recurso, a las págs. 9-13.

Examinada la moción, el 17 de septiembre de 2024, el foro primario emitió una *Resolución y Orden.*[3] Por medio de esta, concedió un término de diez (10) días al peticionario para presentar la transcripción de los testimonios vertidos en la vista preliminar en alzada, y notificarla al Ministerio Público. Adicionalmente, dispuso que, una vez notificada la transcripción, el Ministerio Público contaría con un término de cinco (5) días "para informar si existe controversia" en cuanto a esta.

El 24 de septiembre de 2024, el peticionario presentó la transcripción de la prueba requerida y certificó haberla notificado al Ministerio Público.

El 30 de septiembre de 2024, el Ministerio Público presentó su *Contestación a Moción al Amparo de la Regla 64(P) de Procedimiento Criminal.*[4] A grandes rasgos, argumentó que la prueba presentada llevaba forzosamente a concluir que no se estaba ante un caso de ausencia total de prueba. Precisó que, del testimonio de la señora Pérez Rodríguez, se demostró que esta mantenía una relación consensual con el peticionario, y que su libertad fue restringida por este. Ello, mediante violencia e intimidación, <u>al no permitirle que se moviera libremente en su vehículo, pues le bloqueó el mismo, y le despojó de sus llaves.</u>

Atendidos los escritos de las partes, el 8 de octubre de 2024, el tribunal *a quo* emitió la *Resolución* recurrida, declarando No ha Lugar a la referida moción.[5] El foro primario concluyó que sí se había presentado prueba de los elementos del delito y su vínculo con el peticionario, por lo que se sustentaba la determinación de causa probable en alzada. En su dictamen, el TPI detalló lo siguiente:[6]

> Surge del testimonio de la Sra. Margarita Pérez que fue intimidada con agresiones, palabras ofensivas y amenazas dirigidas a forzarla entrar a su residencia,

---

[3] Véase, Anejo 5 del Apéndice del Recurso, a la pág. 14.
[4] Véase, Anejo 8 del Apéndice del Recurso, a las págs. 79-84.
[5] Véase, Anejo 2 del Apéndice del Recurso, a las págs. 2-6.
[6] *Íd.*, a la pág. 6.

lugar donde entendía podría causarle m[á]s daño. Su permanencia dentro del auto sin poder salir fue producto de la intimidación y temor fundado en que de salir sería obligada a entrar a su hogar y allí en su hogar la podía matar. Aun cuando pudiera tener control de su vehículo, el mismo fue bloqueado y además[,] en determinado momento el acusado le arrebató sus llaves. La restricción de su libertad surge al bloquearle la salida de su auto, y provocarle temor que de salir del auto sería obligada a entrar a su residencia donde había mayor probabilidad de sufrir daño mayor como la muerte.

La argumentación de la defensa sobre c[ó]mo interpreta la prueba presentada requiere una valoración de la prueba que constituye una invitación a sustituir el criterio del juzgador que hizo la determinación de causa probable en alzada. Esta sustitución de criterio no es permisible en la evaluación y adjudicación de una moción de desestimación al amparo de la Regla 64(p). (Citas omitidas).

Inconforme, el peticionario presentó el recurso que nos ocupa imputándole al foro primario haber cometido los siguientes errores:

COMETIÓ ERROR EL TPI, JUEZ DIÓMEDES GONZÁLEZ VELÁZQUEZ, AL DECLARAR NO HA LUGAR LA SOLICITUD DE DESESTIMACIÓN AL AMPARO DE LA REGLA 64 (P) DE PROCEDIMIENTO CRIMINAL CONCLUYENDO QUE EL MINISTERIO PÚBLICO PRESENTÓ PRUEBA EN LA VISTA PRELIMINAR EN ALZADA TENDENTE A DEMOSTRAR QUE LA ALEGADA PERJUDICADA EN EL CASO DE MARRAS FUE PRIVADA DE SU LIBERTAD.

COMETIÓ ERROR EL TPI, JUEZ DIÓMEDES GONZÁLEZ VELÁZQUEZ, AL DECLARAR NO HA LUGAR LA SOLICITUD DE DESESTIMACIÓN AL AMPARO DE LA REGLA 64 (P) DE PROCEDIMIENTO CRIMINAL CONCLUYENDO QUE LA MISMA CONSTITUYE UNA INVITACIÓN A SUSTITUIR EL CRITERIO UTILIZADO POR EL MAGISTRADO QUE PRESIDIÓ LA VISTA PRELIMINAR EN ALZADA.

Como parte de los documentos incluidos en su recurso, el peticionario integró la transcripción de la prueba oral de la vista preliminar en alzada (TPO). Ante ello, el 7 de noviembre de 2024, emitimos una *Resolución* concediéndoles a las partes un término de diez (10) días para que se reunieran y estipularan la misma. Adicionalmente, concedimos un plazo de diez (10) días a la parte recurrida, contados a partir de la estipulación de la transcripción, para presentar su alegato en oposición.

El 22 de noviembre de 2024, el Procurador General presentó una *Moción para Informar Conformidad del Ministerio Público con la*

*Transcripción de la Prueba Oral*. Posteriormente, el 2 de diciembre de 2024, este presentó su alegato en oposición. En atención a ello, el 3 de diciembre de 2024, dimos por estipulada la TPO y nos dimos por cumplidos respecto al recurso de epígrafe. Así, decretamos perfeccionado el mismo.

Analizados los alegatos, el expediente apelativo y la transcripción de la prueba oral de la vista preliminar en alzada, así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

***Certiorari***

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders at al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001). Esta discreción ha sido definida en nuestro ordenamiento jurídico como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. No significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *Negrón v. Srio. de Justicia, supra*, a la pág. 91.

Por consiguiente, para determinar si procede la expedición de un recurso de *certiorari* en el que se recurre de una resolución interlocutoria, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, que lee como sigue:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*:
>
> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso que se nos presenta, no procede nuestra intervención. Así pues, es norma reiterada que este foro intermedio no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad". *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

Por su parte, en nuestro ordenamiento jurídico, la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Lo anterior no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un uso excesivo de discreción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *Negrón v. Srio. de Justicia, supra.*

**Vista Preliminar y Vista Preliminar en Alzada**

El derecho a vista preliminar es de rango estatutario y está regulado por la Regla 23 de las de Procedimiento Criminal, 34 LPRA

Ap. II, R. 23. Este precepto procesal exige celebrar una vista en todos los casos en los que se acuse a una persona de cometer un delito grave. El propósito principal de la vista preliminar es evitar que una persona sea sometida injustificadamente a los rigores de un juicio. *Pueblo v. Santiago Cruz y en interés Menor FLR*, 205 DPR 7, 28 (2020), citando a *Pueblo v. Andaluz Méndez*, 143 DPR 656, 661 (1997); *Pueblo v. Nieves Cabán*, 201 DPR 853, 863 (2019). Para lograr establecer la existencia de causa probable al palio de la Regla 23, *supra*, **se le exige al Ministerio Público que presente prueba sobre los elementos constitutivos del delito y sobre la conexión del imputado con la comisión del mismo**. Por su parte, el imputado, puede presentar prueba a su favor y contrainterrogar a los testigos de cargo. Una vez evaluada la prueba presentada, el juez deberá determinar si hay o no causa probable para acusar. De encontrar causa probable para la acusación, el juez debe autorizar que se presente la acusación contra el imputado; de lo contrario, lo debe exonerar y poner en libertad si es que está detenido. *Pueblo v. Fernández Rodríguez*, 183 DPR 770, 798 (2011); *Pueblo v. Rivera Vázquez*, 177 DPR 868, 875 (2010); *Pueblo v. Ríos Alonso*, 149 DPR 761, 766-767 (1999).

Durante la etapa de la vista preliminar, no se hace una adjudicación en los méritos sobre la culpabilidad de la persona imputada, pues no se trata de un 'mini juicio'. Dado lo anterior, el Ministerio Público no tiene que presentar toda la prueba que tenga en su poder, basta con que presente la prueba que estime suficiente para sustentar su argumento de que existe causa para acusar. Véanse *Pueblo v. Santiago Cruz y en interés Menor FLR*, *supra*; *Pueblo v. Rivera Cabán,* 181 DPR 699, 706 (2011).

**La celebración de esta vista busca establecer la probabilidad de que el delito fue cometido por la persona encausada en el procedimiento criminal**. *Pueblo v. Rivera*

*Vázquez, supra*; *Pueblo v. Rodríguez Aponte*, 116 DPR 653, 664 (1985). Recalcamos que es a base de **criterios de probabilidad** que el juzgador arriba a la determinación de causa probable para acusar. *Pueblo v. Andaluz Méndez, supra.* El *quantum* de prueba en esta etapa de los procedimientos no es como en el juicio, "más allá de duda razonable", sino una *scintilla* de evidencia. *Pueblo v. Nieves Cabán*, supra, a la pág. 864; *Pueblo v. Rivera Cuevas,* 181 DPR 699, 707 (2011).

Por otro lado, en aquellos casos en que el juzgador determine la inexistencia de causa probable para acusar, el Ministerio Público puede solicitar una vista preliminar en alzada en la cual puede presentar la misma prueba o prueba distinta ante otro magistrado. *Véase,* Regla 24(c) de las de Procedimiento Criminal, 34 LPRA Ap. II R. 24(c); *Pueblo v. Santiago Cruz y en interés Menor FLR*, supra, a la pág. 58. Esta vista no constituye una apelación o revisión de la vista inicial, sino una vista *de novo,* independiente, separada y distinta de la primera. *Pueblo v. Rivera Vázquez, supra*, a la pág. 877; *Pueblo v. Martínez Rivera,* 144 DPR 631, 646 (1997).

**La Regla 64 (p) de las de Procedimiento Criminal**

La Regla 64(p) de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 64*,* dispone que una vez el foro de instancia determine causa probable para acusar, y se haya presentado la correspondiente acusación por el Ministerio Público, el acusado puede someter una moción de desestimación por no haberse determinado causa probable conforme a derecho. *Pueblo v. Rivera Cuevas, supra*; *Pueblo v. Kelvin Branch,* 154 DPR 575, 584 (2001).

Al evaluar una moción de desestimación de una acusación bajo la referida Regla, el elemento a considerarse es **si existe o no ausencia total de prueba** que tienda a demostrar que se ha cometido el delito imputado o que el acusado lo cometió. *Pueblo v. Nieves Cabán, supra,* a la pág. 868; *Pueblo v. Rivera Cuevas,* supra.

Por tanto, al hacer este ejercicio, el tribunal debe determinar si durante la vista preliminar el magistrado que la presidió **tuvo ante sí prueba que pueda considerarse suficiente en derecho para la determinación de causa probable**. **Si concluye que en dicha determinación medió esa prueba, no procede la desestimación de la acusación bajo la Regla 64(p)**. *Pueblo v. González Pagán,* 120 DPR 684, 688 (1988).

Además, el más alto foro ha delineado específicamente los parámetros o criterios que deben guiar al juzgador que enfrenta una moción de desestimación bajo la Regla 64 (p), *supra,* a saber: (1) examinar la prueba de cargo y defensa vertida en la vista preliminar, así como la prueba del acusado en apoyo de la moción; (2) determinar si esa prueba establece la probabilidad de que estén presentes todos los elementos del delito, así como la existencia de prueba que conecte al imputado con su comisión; (3) el hecho de que a juicio del magistrado la prueba presentada demuestre, con igual probabilidad, la comisión de un delito distinto al imputado, no debe dar fundamento a una desestimación; y (4) **s[o]lo en total ausencia de prueba sobre la probabilidad de que estén presentes uno, varios o todos los elementos del delito o de la conexión del imputado con tal delito, procede la desestimación de la acusación**. *Pueblo v. Rivera Cuevas, supra,* a la pág. 708-709; *Pueblo v. Rivera Alicea,* 125 DPR 37, 42-43 (1989).

Debe tenerse presente que la determinación de causa probable en la vista preliminar goza de una presunción legal de corrección. *Pueblo v. Nieves Cabán,* supra, a la pág. 866; *Pueblo v. Andaluz Méndez,* supra, a la pág. 662; *Pueblo v. Rivera Alicea,* supra, a la pág. 42. Como dicha presunción es una controvertible, <u>corresponde al acusado la obligación de presentar evidencia para persuadir al tribunal de que no existía causa probable para acusarlo</u>. Reiteramos una vez más que para ello tiene que convencer

al tribunal de que en la vista preliminar hubo ausencia total de prueba sobre algún elemento del delito o sobre su conexión con el mismo. Ernesto L. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Volumen III, Colombia, Forum, 1993, a la pág. 96.

## III.

En esencia, el peticionario sostiene que el foro primario incidió al denegar su solicitud de desestimación al amparo de la Regla 64 (p) de las de Procedimiento Criminal, *supra*. Aduce que durante la vista preliminar en alzada hubo ausencia total de prueba que demostrara que infringió el Artículo 3.4 de la Ley núm. 54, *supra*.

Según indicamos, la determinación de causa para acusar está basada en **criterios de probabilidad**, respecto a que estén presentes todos los elementos del delito imputado, y que exista prueba que conecte al acusado con la comisión de este. Adicionalmente, señalamos que cuando el tribunal atiende una petición, basada en la Regla 64 (p) de las de Procedimiento Criminal, *supra*, debe determinar si durante la vista preliminar el magistrado que la presidió **tuvo ante sí prueba que pueda considerarse suficiente en derecho para la determinación de causa probable**. De manera que, **solo en total ausencia de prueba** sobre la probabilidad de que estén presentes uno, varios o todos los elementos del delito o de la conexión del imputado con tal delito, procede la desestimación de la acusación.

De una lectura del testimonio de la señora Pérez Rodríguez, según surge de la TPO, concluimos que el TPI realizó una determinación correcta en derecho. Es decir, razonamos que el foro recurrido no se apartó del ejercicio correspondiente según las normas establecidas por el Tribunal Supremo al analizar la referida moción de desestimación.

Del testimonio de la señora Pérez Rodríguez se desprende que fue pareja del peticionario por aproximadamente dos años y medio. Declaró que tras las agresiones físicas y verbales, así como amenazas, mientras estaba en el vehículo del peticionario, al llegar a la casa se bajó e ingresó inmediatamente a su guagua porque se sentía intimidada.[7] Estando dentro del vehículo, el señor Avilés Rodríguez le expresó que: "¡Ah!, si los vecinos te llegan tengan (*sic*) a escuchar la… la discusión de nosotros, eh, voy a llamar y llegan a llamar a la policía, yo te voy a matar a ti, me voy, me voy a entrar tiro a tiro con la policía y me voy a matar yo".[8] Ello ocasionó que la señora Pérez Rodríguez tuviese temor de salir de su vehículo, pues el peticionario quería que entrara a la residencia y allí entendía que le quitaría la vida, ya que "me estaba amenazando de muerte".[9] La señora Pérez Rodríguez aseguró que mientras el peticionario se encontraba al lado de la puerta del conductor de su vehículo, ella no podía salir de allí.[10] Añadió que, no podía salir del vehículo porque "… no tenía oportunidad … estaba en mi asiento del pasajero, me estaba aguantando fuertemente, ya que él me jalaba fuertemente por mis brazos."[11]

Surge también del testimonio que el señor Avilés Rodríguez, tan pronto se fue a montar en la guagua, le bloqueó sus dos vehículos con su auto para que ella no pudiera salir[12] y le arrebató las llaves[13], restringiéndole así su libertad.

Asimismo, esta mencionó que cuando el señor Avilés Rodríguez entró a la residencia es que salió de la guagua y corrió

---

[7] Véase, Transcripción de la Prueba Oral (TPO), Anejo 7, a las págs. 22 y 27- 28. Esta declaró que el señor Avilés le expresó que era una "hija de la gran puta y mala agradecida" y que le "dio un puño por el brazo derecho." *Íd.*, a la pág. 26.
[8] *Íd.*, a la pág. 30.
[9] *Íd.*, a las págs. 31, 33 y 35.
[10] *Íd.*, a las págs. 31-32.
[11] *Íd.*
[12] *Íd.*, a las págs. 28 y 30. La señora Pérez Rodríguez testificó que "… ve que me voy a montar en mi guagua, me bloquea mis dos (2) carros para yo no tener acceso a salir." "No pude salir ni en mi carro, ni en la guagua." "Bueno, me atravesó su carro a una distancia aproximada de tres (3) pies." *Íd.*, a las págs. 28 y 30.
[13] *Íd.*, a las págs. 34-35.

hacia la casa de su madre.[14] En el redirecto, la testigo reafirmó que se montó en la guagua para salir de la residencia porque el peticionario la estaba amenazando de muerte y que él estacionó su vehículo "bien pegado detrás de mi carro y de mi guagua", "Yo no tenía acceso a salir."[15] Tampoco podía marcharse, ya que este se había llevado las llaves de los autos.

De un análisis de la TPO, a juicio nuestro y como bien resolvió el TPI, el Ministerio Público cumplió con la carga probatoria requerida en la vista preliminar en alzada. Esto es, presentó prueba suficiente para sustentar su argumento de que existe causa probable para acusar al peticionario por el Artículo 3.4 de la Ley núm. 54, *supra*. Recordemos que, en la etapa de vista preliminar, el Ministerio Público solo viene obligado a presentar aquella prueba razonablemente necesaria para establecer la **probabilidad** de la comisión del delito por el imputado. *Pueblo v. Rivera Vázquez*, supra, a la pág. 879.

Por otro lado, señalamos que en su recurso de *certiorari*, el peticionario nos invita a analizar si la acusación por el Artículo 3.4 de la Ley núm. 54, *supra*, podrá ser demostrada más allá de duda razonable en el juicio. Especula que "la experiencia al examinar la prueba con la que cuenta el Ministerio Público indica con razonable probabilidad que no se sostendrá el cargo en juicio plenario."[16] Al respecto, puntualizamos que el estándar de probabilidad que requiere el ordenamiento jurídico a la hora de determinar causa probable, en nada responde al potencial que tenga la imputación de un delito de prosperar en el juicio, como sugiere el peticionario. Reiteramos que la determinación de causa probable debe estar basada en la **probabilidad mínima de que estén presente cada**

---

[14] *Íd.*, a la pág. 35.
[15] *Íd.*, a las págs. 58-59.
[16] Véase, Recurso de *certiorari*, a la pág. 15.

**uno de los elementos del delito y que la persona imputada cometió el mismo**. Asimismo, no podemos perder de vista que la etapa de vista preliminar solo requiere un liviano *quantum* evidenciario, y no persigue que se establezca la culpabilidad o la inocencia de la persona imputada. *Pueblo v. Nieves Cabán,* supra, a la pág. 864; *Pueblo v. Rivera Cuevas,* supra, a la pág. 707.

En virtud de todo lo antes discutido, concluimos que los errores señalados no se cometieron. Durante la vista preliminar en alzada, el magistrado que la presidió tuvo ante sí prueba que puede considerarse suficiente en derecho para la determinación de causa probable. El peticionario no logró rebatir la presunción de corrección que goza la determinación de causa probable.

**IV.**

Por los fundamentos previamente expuestos, se expide el recurso de *Certiorari* y se confirma el dictamen recurrido.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones